## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

ELDON SHEPHERD,               )
                              )
          Petitioner          )
                              )
    v.                        )          No. 3:06cv0363 AS
                              )
WILLIAM WILSON, Superintendent, )
                              )
          Respondent          )

### *MEMORANDUM, OPINION AND ORDER*

On or about June 13, 2006, *pro se* petitioner, an inmate at the Plainfield Correctional Facility in Plainfield, Indiana (PCF), filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on February 12, 2007, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Traverse on April 5, 2007, which this Court has carefully examined.

The incidents complained of here did in fact occur in the Westville Correctional Center in this district under its cause number WCC 06-03-0408. Thus, the venue in this district is a correct one. The petitioner was the subject of a prison disciplinary proceeding had in March 2006. The sanctions recommended and approved were a 60-day earned credit time deprivation which implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974) and a 90-day loss of recreation privileges which does not. *See Sandin v. Conner*, 515 U.S. 472 (1995). There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and

under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

It is important that the failure to present claims during state administrative proceedings results in a procedural default. *See Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992). *See also Eads v. Hanks*, 280 F.3d 728 (7th Cir. 2002). From the record, it appears that this petitioner was given an opportunity to call witnesses and present evidence under *Wolff*. Additionally, it does not appear that there was violation of this petitioner's equal rights under the Fourteenth Amendment. *See Loving v. Virginia*, 388 U.S. 1 (1967). Under *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. denied*, 489 U.S. 1088 (1989), the focus is on violations of the statutes, treaties and Constitution of the United States, and not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). The violations of the so-called ADP are of a state law variety generally. *See Hester v. Mc Bride*, 966 F.Supp. 765 (N.D. Ind. 1997). This court does not bottom any decision here on harmless error.

This petitioner has failed to make a case with regard to the impartiality of the Board under *Redding v. Fairman*, 717 F.2d 1105 (7th Cir. 1983), *cert. denied*, 465 U.S. 1025 (1984). When it is all said and done, the petitioner has presented no basis here for relief under 28 U.S.C. §2254. Such relief is now **DENIED. IT IS SO ORDERED**.

**DATED:** April 10, 2007

S/ ALLEN SHARP

**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**